**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN WEINTRAUB and LEONARD WEINTRAUB,<br><br>Plaintiffs,<br><br>v.<br><br>ENRIQUE SOSA, SOSA AND SONS CONSTRUCTION LIMITED LIABILITY COMPANY d/b/a SOSA AND SONS GENERAL CONSTRUCTION LLC and CUBESMART,<br><br>Defendants. | Case No. 2:25-cv-17343 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs Susan Weintraub and Leonard Weintraub's (collectively, "Plaintiffs") Motion for Default Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (ECF No. 46.) Defendants Enrique Sosa ("Sosa") and Sosa & Sons Construction, LLC d/b/a Sosa & Sons General Construction, LLC ("S&S Construction") (collectively, "Defendants"[1]) filed an Opposition and Cross-Motion to Vacate Default (the "Cross-Motion") under Rule 55(c). (ECF No. 55.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Having reviewed and considered the submissions filed in connection with the Motion and Cross-Motion, and having declined to hold oral argument pursuant to Rule 78(b), for the

[1] On February 13, 2026, Plaintiffs filed a stipulation voluntarily dismissing the Amended Complaint against Defendant Cubesmart without prejudice (ECF No. 36), which this Court entered that same day (ECF No. 38).

reasons set forth below and for good cause having been shown, Defendants' Cross-Motion to Vacate Default is **GRANTED** and Plaintiffs' Motion for Default Judgment is **DENIED AS MOOT**.

## I. Background

For the purpose of this motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A. Factual Background

Plaintiffs are the owners of a single-family home, located in Montclair, New Jersey (the "Property"). (ECF No. 25 ¶ 1.) S&S Construction provides construction and home improvement related services and is organized under the laws of New Jersey. (*Id.* ¶¶ 1, 14.) Sosa is the sole manager of S&S Construction. (*Id.* ¶ 13.)

In June 2024, Plaintiffs entered into a contract with S&S Construction to complete various construction and home improvement projects on the Property. (*Id.* ¶¶ 1, 16.) In connection with the work, the parties agreed to store Plaintiffs' "couches, rugs, furniture, mattresses, tables, clothing, linens, and kitchen wares" (the "Personal Property"), valued "well in excess of $100,000," in two storage units owned and operated by Cubesmart (the "Cubesmart Storage Units"). (*Id.* ¶¶ 2–3, 35, 38.) Although the various projects were originally scheduled to be completed by May 2025, only a handful of the projects were completed within the time allocated. (*Id.* ¶¶ 4–5.) Defendants alleged there were numerous issues regarding the projects, which required

additional funding to complete. (*Id.* ¶¶ 4, 17–24.) Plaintiffs subsequently paid Defendants the additional funding totaling more than twice the original estimate and the completion date was ultimately pushed back to October 2025. (*Id.* ¶¶ 4, 25–26.)

In October 2025, however, Plaintiffs were notified numerous projects were still not completed and some had not been started. (*Id.* ¶¶ 6, 26–27.) Furthermore, projects had been improperly completed, which will require additional funding to remedy. (*Id.* ¶¶ 30–31, 33.) Plaintiffs were also advised Defendants had failed to pay its' subcontractors for work performed and completed, despite the fact that Plaintiffs had previously released payment for same. (*Id.* ¶¶ 6, 28–29.) As a result, Plaintiffs terminated the parties' agreement on October 27, 2025. (ECF No. 25 ¶¶ 7, 32.) Plaintiffs estimate to remediate Defendants improper work and to complete the remaining projects will cost in excess of $100,000. (*Id.* ¶ 34)

Following the termination, Defendants returned some of Plaintiffs' Personal Property but kept a significant portion of the property thereafter. (*Id.* ¶ 7.) Although Plaintiffs hired a mover to collect the remaining Personal Property, Defendants refused the mover access to the Cubesmart Storage Units and demanded $100,000 to release the property. (*See id.* ¶¶ 36–37.)

**B. Procedural History**

On November 10, 2025, Plaintiffs filed the Complaint against Sosa, S&S Construction, and Cubesmart. (ECF No. 1), which Plaintiffs subsequently amended pursuant to Rule 15(a)(1)(B). (ECF No. 25; *see also* ECF No. 22.) The Amended Complaint alleges the following causes of action against Sosa and S&S Construction: Breach of Contract (Count I) (ECF No. 25 ¶¶ 39–43); Conversion (Count II) (*id.* ¶¶ 44–48); Replevin (Count III) (*id.* ¶¶ 49–53); Unjust Enrichment (Count IV) (*id.* ¶¶ 54–59); and Violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*, the Contractors' Registration Act, N.J. Stat. Ann. § 56:8-136, *et seq.*, and the

Home Improvement Practices Regulations, N.J.A.C. § 13:45A-16.1, *et seq.* (Count V) (*id.* ¶¶ 60–75).

On November 25, 2025, Plaintiffs filed a motion for writ of replevin requesting the Court to grant Plaintiffs immediate access to the Storage Units to retrieve the Personal Property pursuant to Rule 64. (ECF No. 10.) Plaintiffs, Defendants, and Cubesmart attended oral argument before the Court on January 29, 2026. (*See* ECF No. 32; *see also* ECF Nos. 26, 31.) On February 5, 2026, the Court entered an order denying the motion for writ of replevin but directing Defendants and Cubesmart to permit Plaintiffs to access the Storage Units to retrieve their property and instructing Plaintiffs to file a stipulation dismissing Count III of the Amended Complaint upon their retrieval of the property. (*See* ECF Nos. 33, 34.) On February 13, 2026, Plaintiffs filed the stipulation of dismissal dismissing Count III of the Amended Complaint without prejudice (ECF No. 36), which the Court entered on February 17, 2026 (ECF No. 38).

Following oral argument on January 29, 2026, Defendants failed to file a responsive pleading to the Amended Complaint. Furthermore, Defendants failed to appear at the case management conferences scheduled for March 9 and 17, 2026. (*See* ECF Nos. 41, 42.) On March 17, 2026, the Court *sua sponte* entered a text order extending the time to file a responsive pleading to April 17, 2026. (ECF No. 42.) The Court advised Defendants this was their "one, final opportunity to appear and respond to the [Amended] Complaint" and "[t]his deadline will not be further extended." (*Id.*) The Court instructed Plaintiffs to file a request for default if Defendants failed to file a response within the time allocated. (*Id.*)

On May 6, 2026, Plaintiffs filed the Request for Default pursuant to Rule 55(a) (ECF No. 44), which the Clerk's Office granted on May 7, 2026 (Clerk's Entry dated May 7, 2026). On May 19, 2026, Plaintiffs filed the Motion for Default Judgment as to liability only pursuant to Rule

55(b). (*See* ECF No. 46.) Pursuant to Local Civil Rule 7.1(d)(2), an opposition to the Motion was to be filed by June 1, 2026. On June 24, 2026, the Court entered a text order *sua sponte* extending the deadline to oppose the Motion to July 8, 2026. (ECF No. 52.) The text order warned Defendants that failure to file an opposition within the time proscribed "will result in the motion being considered unopposed." (*Id.*) On July 8, 2026, Defendants filed the Opposition and Cross-Motion to Vacate Default. (ECF No. 55.) At this time, Plaintiffs have not filed a response.

## II. LEGAL STANDARD

### A. Rule 55(a), (c)

Rule 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

Rule 55(c), however, permits the Court to "set aside an entry of default" at its discretion. *See Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and doubtful cases are "to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry

may be set aside for reasons that would not be enough to open a default judgment." (quoting 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2696, 334 (1973))). To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[2] *Emcasco Ins. Co.*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

**B. Rule 55(b)**

Once the Clerk makes an entry of default, Rule 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The district court, rather than the Clerk, must enter the judgment where the amount is not a sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b). The Third Circuit generally disfavors default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *Tozer*, 189 F.2d at 244).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether [the] defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG*

---

[2] This last factor is not always considered. *See*, *e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

*Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted").

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688, at 58–59 (3d ed. 1998)).

## III. DECISION

Plaintiffs move for default judgment under Rule 55(b). (ECF No. 46.) In response, Defendants cross-move to vacate default under Rule 55(c). (ECF No. 55). It is well-established, "[w]hen parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) (citing *Gentile Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2–5 (D.N.J. July 14, 2022); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2

(D.N.J. Apr. 18, 2022)). Therefore, the Court begins with Defendants' Cross-Motion to Vacate Default, and then addresses the Motion for Default Judgment.

### A. Cross-Motion to Vacate Default

Defendants cross-move to vacate default under Rule 55(c). (ECF No. 55). Specifically, Defendants argue the first three *Poulis* factors— prejudice to the plaintiff, whether the default was entered due to the culpable conduct of the defaulting party, and the availability of a meritorious defense—weigh in favor of vacating default. (*See* ECF No. 55-1 at 4–6; *see also generally id.* (failing to address the fourth *Poulis* factor—the effectiveness of alternative sanctions).) The Court reviews each factor in turn.

#### 1. Meritorious Defense

Whether a defendant has a meritorious defense is a "threshold question," which requires the defendant to demonstrate the possibility of ultimately prevailing in the matter. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoting *Tozer*, 189 F.2d at 244). Mere "conclusionary language" is not enough to demonstrate a meritorious defense under Rule 55(c). *Id.* at 196. However, in light of the more lenient standard that courts use when deciding a motion to vacate an entry of default, "several courts [in this Circuit] have, while recognizing that lack of a meritorious defense is, by itself, dispositive in the motion to vacate default judgment context, been reluctant to similarly hold in the entry of default context." *Nat'l Specialty Ins. Co. v. Papa*, Civ. A. No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012).

Here, Defendants argue they have meritorious defenses in the matter (*see* ECF No. 55-1 at 4–5), including, but not limited to, the claim that a significant amount of the work was completed

and such work was completed in accordance with the architectural plans and the requested changes, which were authorized by Plaintiffs in writing. (*Id.* at 5.) Defendants posit Plaintiffs owe approximately $220,000 for the work completed. (*Id.*) These allegations, "if established [at] trial would constitute a complete defense to the action." *Hritz*, 732 F.2d at 1181 (quoting *Tozer*, 189 F.2d at 244). Accordingly, the Court finds the third *Poulis* factor (availability of a meritorious defense) weighs in favor of vacating default.

**2. Prejudice to the Plaintiff**

Neither the delay in litigation nor the litigation costs attributed to seeking a default judgment may demonstrate prejudice under Rule 55. *See Panda Americas, Inc. v. Future Fund Invs. Corp.*, Civ. A. No. 25-2641, 2025 WL 2828346, at *5 (D.N.J. Oct. 6, 2025). Rather, "[p]rejudice is established where a plaintiff's ability to pursue a claim has been hindered as a result of the defendant's delay; such hindrance may arise by loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Super Laundry Equip. Corp. v. Chan*, Civ. A. No. 13-7381, 2015 WL 3953887, at *3 (D.N.J. June 29, 2015) (citing *Feliciano*, 691 F.2d at 657).

Here, Defendants argues Plaintiffs will not be prejudiced if default is vacated and retains the ability to pursue its claims through "the ordinary course of litigation." (ECF No. 55-1 at 4.) The Court agrees. Accordingly, the Court finds the first *Poulis* factor (prejudice to the plaintiff) weighs in favor of vacating default.

**3. Culpability of the Defaulting Party**

To gauge a defendant's culpability, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Jones*, 2024 WL 4626404, at *2 (alteration in the original) (quoting *Westpark Elecs. LLC v.*

*EDealer LLC*, Civ. A. No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023)). "Such conduct may include acts intentionally designed to avoid compliance with court notices, but is not limited to such knowing disregard for court-mandated procedures; reckless disregard for repeated communications from the plaintiff or the court is sufficient to establish culpability." *Chan*, 2015 WL 3953887, at *5 (internal quotation marks omitted) (quoting *Hritz*, 732 F.2d at 1183); *accord Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). Innocent mishaps or mere mistakes, however, are insufficient to establish culpability. *See Nationwide Mut. Ins. Co.*, 175 F. App'x at 523.

Here, Defendants argue the entry of default was not due to their culpable conduct. (ECF No. 55-1 at 5–6.) Defendants do not claim lack of notice of the Court's text orders or Plaintiffs' request for default. (*See generally id.*) Rather, Defendants claim the delay in responding to the Amended Complaint and the failure to appear at the case management conferences was due to a language barrier (*id.* (claiming "Sosa's first language is not English")), personal and professional distractions (*id.* (claiming Sosa was running S&S Construction alone following the death of his father in May 2025)), and a good faith belief the action had resolved with Plaintiffs retrieval of their Personal Property from the Storage Unit (*id.* (claiming Sosa "understood the dispute to concern the return of that property, and he believed in good faith that it had been resolved")).

The Court finds neither the alleged language barrier nor his personal or professional distractions adequately explain Defendants failure to respond to either the Court's text orders or Plaintiff's request for default.[3] Despite both the barrier and distractions, Defendants successfully

[3] In support of Defendants' Cross-Motion, Defendants filed a Declaration, which was executed by Sosa on July 8, 2026. (*See* ECF No. 55-3.) In relevant part, the Declaration states, "I am a defendant in this action and the managing member of [S&S Construction]. I have personal knowledge of the facts set forth below. English is not my first language. This declaration was translated to me, and I agree with its contents." (*Id.* ¶ 1.) The Declaration does not identify Sosa's primary language nor

understood the Court's prior orders and appeared without the need of a translator on January 29, 2026. (*See* ECF No. 32); *see also Bizjet Int'l Sales & Support, Inc. v. Aero Toy Store, LLC*, Civ. A. No. 08-242, 2008 WL 5083536, at *3 (N.D. Okla. Nov. 26, 2008). *But see Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987) (finding under other circumstances no culpability where default was the result of miscommunication and personal distraction); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (same). Having previously appeared in response to the prior orders, however, the Court cannot find Defendants willfully avoided compliance with the subsequent orders in bad faith, as needed to hold default was entered due to Defendants' culpable conduct under Rule 55(c). *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (requiring "doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits'" (quoting *Tozer*, 189 F.2d at 244)). Accordingly, the Court finds the second *Poulis* factor (whether the default was entered due to the culpable conduct of the defaulting party) weighs in favor of vacating default.

**4. Other Available Sanctions**

An entry of default judgment "should be a sanction[] of last, not first, resort, and courts should try to find some alternative," such as issuing a warning or formal reprimand, imposing costs or attorney fees, or precluding claims or defenses. *Panda Americas*, 2025 WL 2828346, at *3–7 (quoting *Mawalla*, 2025 WL 1260900, at *4). "Alternative sanctions are effective when they are

---

the translator. (*See generally id.*) Furthermore, the Declaration does not include an affidavit of the translator or a certification of interpretation and translation. (*See generally id.*) Having represented to the Court that Sosa has significant difficulty in comprehending the English language, any and all future submissions and discovery responses by Defendants must include a certification of interpretation and translation certified by a qualified translator. *See Bui v. Mid-Century Ins. Co.*, Civ. A. No. 19-20053, 2021 WL 2660794, at *1 (D.N.J. Jan. 15, 2021); *see also Tangtiwatanapaibul v. Tom & Toon Inc.*, Civ. A. No. 17-816, 2018 WL 4405606, at *2 (S.D.N.Y. Sept. 17, 2018).

likely to 'spur [a party] to resume actively litigating th[e] case.'" *Id.* (quoting *Glenn v. Sims*, Civ. A. No. 18-13877, 2024 WL 3104317, at *4 (D.N.J. June 24, 2024)).

Although Defendants have failed to address the fourth *Poulis* factor (*see generally* ECF No. 55), the Court must still consider the effectiveness of alternative sanctions, *see Emcasco*, 834 F.2d at 73. Here, the Court warned Defendants the deadline to respond to the Amended Complaint would not be further extended past April 17, 2026. (ECF No. 42.) However, the Court recognizes the Third Circuit's strong policy favoring the adjudication of a matter "on the merits whenever practicable." *Hritz*, 732 F.2d at 1181. Therefore, the Court in its discretion accepts the late filing and finds a formal warning is sufficient at this time in the interest of justice and in compliance with the preference of the Third Circuit. *See D'Orazio v. Washington Twp.*, 501 F. App'x 185, 187 (3d Cir. 2012) ("It is within the District Court's discretion to accept late filings.") (citing Local Civil Rule 7.1(d)(7)). The Court warns Defendants, however, no further delays or deviations from the Federal Rules of Civil Procedure, the Local Civil Rules, or the Court's orders will be permitted absent extraordinary circumstances. Accordingly, the Court finds the fourth *Poulis* factor (the effectiveness of alternative sanctions) weighs in favor of vacating default.

Because the *Poulis* factors weigh in favor of vacating the entry of default, the Court grants Defendants' Motion to Vacate Default. Having granted same, the Court denies Plaintiffs' Motion for Default Judgment as moot.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Cross-Motion to Vacate Default (ECF No. 55) is **GRANTED** and Plaintiffs' Motion for Default Judgment (ECF No. 46) is **DENIED AS MOOT**. An appropriate order follows.

**Date: September 3, 2026**

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**